18686

Dalton COUSAR, Daniel McBride and James Spears, Appellants, v. STATE of South Carolina *et al.,* Respondents

(156 S. E. (2d) 331)

48

*Emmet H. Clair, Esq.,* of Columbia, *for Appellants,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer,* and *Carl R. Reasonover, Assistant Attorneys General,* of Columbia, *for Respondents,*

August 2, 1967.

BRAILSFORD, Justice.

On March 11, 1963, the appellants, Dalton Cousar, Daniel McBride and James Spears, and one Ralph Evans, were indicted for murder in Dillon County. Upon the return of the indictment by the grand jury, W. B. Hawkins and Norwood Gasque, Esquires, two able trial attorneys, experienced in both criminal and civil courts, were appointed to represent the defendants, and they entered pleas of not guilty. On the afternoon of the next day, the defendants changed their pleas to guilty and, pursuant to Act No. 864 of 1962, 52 Stat. 2155, Section 17-553.4, Code of 1962, (Cum. Supp.), were sentenced to imprisonment for life in the penitentiary. During 1965 petitions for writs of *habeas corpus* were filed by the appellants. The writs were duly issued and were dismissed after full hearings. Serving by appointment, Emmet H. Clair, Esquire, a member of the Richland County Bar, represented the petitioners in the *habeas corpus* proceedings and prosecutes this appeal in their behalf.

The first two grounds of appeal are so related that they may be considered together. It is contended that the court erred in failing to hold that the appellants were denied the effective assistance of counsel, and in failing to hold that their pleas were involuntary. Unquestion-

ably, the testimony of the three appellants at the *habeas corpus* hearing, if credited, would support the exceptions which pose these questions. However, their testimony is refuted by the transcript of the full and deliberate proceedings in open court which attended the acceptance of the guilty pleas. Mr. Hawkins and Mr. Gasque made full disclosures as to the discharge of their duties as appointed counsel, and they were carefully and explicitly interrogated by the court. The solicitor, Mr. Kilgore, stated what the evidence showed about the participation of each of the appellants, and of Evans, in the crime involved, *i. e.,* the murder of an elderly Negro man in the course of a robbery. Each of the defendants was carefully questioned by the court and solemnly declared his guilt, expressed his desire to so plead, and attested that his decision was not the product of any improper influence.

The testimony of the appellants also stands discredited by the estimony at the *habeas corpus* hearing of Mr. Hawkins, Mr. Gasque and Mr. Kilgore, which dovetails with the trial transcript. On the entire record the court had no choice but to resolve the conflicts in the testimony against appellants.

Appellants further contend that the time between the appoinment of counsel and the entry of the pleas was, *per se,* insufficient for adequate consideration and preparation of the case. We find no merit in this contention. The State's evidence was fully disclosed to experienced counsel, who carefully interviewed the four defendants, collectively and individually, over a period of two hours on two different days. The legal aspects of the case and the alternatives involved were carefully explained to the defendants. Further investigations were conducted by counsel. However, no defense became apparent to them, and the defendants did not request that the investigation be continued or that any other witness be interviewed. Instead, they admitted their guilt and sought counsel's assistance in obtaining the State's consent to a plea saving them from the jeopardy of

electrocution. When advised that the prosecution had assented to such a plea, they were ready, willing and anxious to so plead. They were not hurried into court. It was at their request that counsel arranged with the solicitor to dispose of the case on the second day of the term.

Finally, we are not even now advised that evidence favorable to the defendants existed which might have been discovered if counsel had pursued a different course. The appellants brought to the *habeas corpus* hearings only their own protestations of innocence and the discredited testimony of their co-defendant, Ralph Evans, that no scheme to rob existed, and that the elderly victim was killed by him in self-defense.

We find no merit in the last ground of appeal, which complains of error in accepting pleas of guilty in a capital case without having empaneled a jury. This procedure is authorized by Section 17-508, Code of 1962, and by Section 17-553.4 *id.* (Cum. Supp.), *supra.*

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.