18758

Hopson WILSON, Jr., Appellant, v. The STATE of South Carolina, Respondent

(159 S. E. (2d) 282)

*Harvey M. Spar, Esq.,* of Charleston, *for Appellant,*

*Messrs. Arthur G. Howe, Solicitor,* and *A. Arthur Rosenblum, Assistant Solicitor,* of Charleston, *for Respond-*

*ent,*

February 12, 1968.

LEWIS, Justice.

This *habeas corpus* proceeding involves the validity of a plea of guilty allegedly entered in 1962 by appellant, Hopson Wilson, Jr., to a charge of burglary. He is presently confined in the State Penitentiary under concurrent sentences of ten years for assault and battery of a high and aggravated nature and twenty-five years for burglary, both sentences imposed on December 4, 1962 on the basis of the entry by him of pleas of guilty to the charges. Appellant now contends in this proceeding, instituted approximately three years later, that, while he entered a plea of guilty to the charge of assault and battery, he did not so plead to the charge of buglary; and that the sentence imposed on the basis of the entry of such plea is therefore illegal. The lower court, after hearing the testimony, concluded that the appellant freely and understandingly entered a plea of guilty to the charge of burglary and refused to set aside the sentence.

The basic question to be decided in this appeal is whether the lower court erred in holding that appellant entered a valid plea of guilty to the charge of burglary. If appellant freely, unconditionally and understandingly entered such plea, his detention under the sentence is lawful. If it was not so entered, then the sentence must be set aside because there would be no valid conviction to support it.

Although appellant contends to the contrary, the record conclusively shows that he entered a legal and binding plea of guilty to the charge of burglary. He

was twenty-three years of age at the time of sentence, had a high school education, and was represented by retained counsel whose competency is not challenged. His present contention that he did not enter such plea is conclusively refuted by the court records and the testimony of his then counsel and the solicitor.

Appellant was indicted at the September 1962 Term of General Sessions Court for Charleston County for the crimes of (1) burglary—breaking into the home of the prosecutrix with intent to commit either the crime of rape or assault with intent to ravish—and (2) rape. The maximum punishment for burglary was life, Section 16-331, 1962 Code of Laws; and rape carried a maximum sentence of death. Section 16-72, 1962 Code of Laws. He was arraigned on September 11, 1962 and entered a plea of not guilty to the charges. The case was then continued and subsequently called for trial on December 4, 1962.

Prior to the call of the case for trial, appellant's counsel investigated the facts and concluded that it was most likely that appellant would be convicted if he went to trial. Counsel then advised appellant and his family of the results of his investigation, the maximum sentences involved, the danger of receiving a death sentence if appellant went to trial, and the possibility of obtaining a more lenient sentence if a plea could be arranged. As a result of these conferences, the solicitor was contacted and an agreement finally reached, under which the charge of rape would be disposed of by the entry of a plea of guilty to assault and battery of a high and aggravated nature and the charge of burglary by a plea of guilty with a recommendation to mercy. The charge of assault and battery carried a maximum sentence of ten years. The effect of the plea to burglary with recommendation to mercy was to reduce the sentence from life to a term of not less than five years.

The appellant, in accordance with the foregoing agreement, appeared in open court on December 4, 1962, with his retained counsel and entered a plea of guilty to both assault

and battery of a high and aggravated nature and burglary with recommendation to mercy. The plea to assault and battery was endorsed on the back of the indictment and signed by appellant. The plea to burglary was oral. In spite of appellant's testimony to the contrary, the record conclusively shows that the pleas of guilty were entered by him under the foregoing circumstances, freely and understandingly, with the aid and advice of his retained counsel. See: *Thompson v. State,* 248 S. C. 475, 151 S. E. (2d) 221.

In order to sustain his claim that he did not plead guilty to burglary, appellant relies strongly upon the fact that he was required to, and did, sign a written plea to assault and battery, but not to burglary. He says that, since he was required to sign only a plea to assault and battery, he was under the impression that he was only pleading guilty to that crime. Yet he admits that he stood, with his counsel, before the judge in open court and heard, without protest, the sentence pronounced upon him for burglary. It is readily apparent that the absence of a written plea of guilty to burglary is explained by the method adopted by the trial court in accepting and entering such a plea and does not indicate doubt as to whether a plea of guilty was entered by appellant.

Section 16-331, *supra,* provides that a person convicted of burglary shall be "imprisoned in the State Penitentiary at hard labor, during the whole lifetime of the prisoner; provided, however, that when a prisoner is found guilty the jury may find a special verdict, recommending him to the mercy of the court, whereupon the punishment shall be reduced to imprisonment in the Penitentiary at hard labor for a term of not less than five years." Under this statute, the sentence for burglary could be reduced from life to a term of years only by a jury verdict recommending mercy; and where a plea of guilty to burglary was tendered, under circumstances considered by the court to justify a mercy recommendation, the approved practice was to impanel a jury and, by direction of the court, the jury would render a

verdict recommending the accused to the mercy of the court. In such cases, the accused did not usually sign his plea but the same was announced in open court. The agreed jury verdict evidenced the guilty plea and reduced the punishment from a mandatory life sentence.

However, in 1962 the Legislature adopted Act No. 864, 52 Stat. at Large 2155 (now appearing as Section 17-553.4, 1967 Supplement to 1962 Code of Laws), which permits the acceptance by the court of a plea of guilty without the verdict of a jury in those cases where punishment is affected by the jury recommending the accused to the mercy of the court. *Cousar et al. v. State of South Carolina,* S. C., 156 S. E. (2d) 331. This statute became effective on April 7, 1962, prior to the plea herein, and therefore made it proper for the court to accept appellant's plea of guilty without impaneling a jury.

Nevertheless, a jury was impaneled, apparently under the mistaken idea that it was necessary to effectuate the plea which appellant had tendered; but no verdict was rendered in so far as the record shows. Instead, the trial judge endorsed upon the back of the indictment the following: "By direction of the court guilty of burglary with recommendation of mercy." This was clearly an attempt to follow the former procedure of accepting a plea of burglary by having a jury, by direction of court, render a verdict of guilty with recommendation to mercy. While the foregoing entry by trial judge does not have the legal effect of a conviction, it does show that a plea of guilty to burglary had been entered by appellant in open court, and that the court accepted such plea under the same conditions as would result from a jury verdict recommending mercy under Section 16-331, *supra.*

Neither was it necessary for appellant to sign a plea of guilty to burglary in order to make the plea effective. While it is the better, and suggested, practice in such cases to have the accused sign a plea of guilty when such is entered, there is no statutory requirement in this

State that such plea be in writing or in any particular form. "In general it need not be in writing, or signed, or under oath; and its form is not vital provided the admission of guilt is clear, definite, unconditional and without qualification, and conforms to the offense charged." 22 C. J. S. Criminal Law § 423 (1).

Appellant's contention that the absence of a written plea of guilty to burglary shows that he did not plead guilty to such charge is without merit. Where the record shows, as in this case, that the accused was represented by counsel, informed of the nature of the accusation to which he was to plead, advised of the possible results to him under a trial and a plea, and with such knowledge and understanding pleads guilty, the mere absence of his signature does not vitiate the otherwise valid plea.

Finally, appellant contends that the lower court erred in allowing the introduction in evidence of the court records in other cases involving guilty pleas to burglary. The records concerned guilty pleas entered by other defendants at the same term of court at which appellant pled guilty, and were introduced solely to show that the method of accepting the plea in appellant's case was not unusual but was in accordance with the procedure adopted in similar cases. The testimony was relevant for that purpose and properly admitted.

Affirmed.

Moss, C. J., Bussey, and Brailsford, JJ., and Lionel K. Legge, Acting Associate Justice concur.