### 19206

William E. MOORE, Jr., Appellant, v. The STATE of
South Carolina, Respondent

(180 S. E. (2d) 540)

*D. Kenneth Baker, Esq.,* of Darlington, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair, John P. Wilson, Asst. Attys. Gen.,* of Columbia, and *Marion H. Kinon, Esq., Sol.,* of Dillon, *for Respondent,*

April 14, 1971.

LEWIS, Justice.

Appellant, represented at the time by the Public Defender, plead guilty in the Court of General Sessions for Darlington County on November 6, 1969, to four counts of forgery and one of housebreaking and larceny, receiving a total sentence of nine (9) years to serve on all counts. Subsequently, on March 16, 1970, appellant filed a petition for post conviction relief and counsel was appointed to represent him. After an evidentiary hearing, the petition was denied and this appeal followed.

Relief is sought by appellant upon the ground that (1) he was not afforded a preliminary hearing; (2) he was subjected to an unlawful arrest, during which a confession was illegally obtained; (3) he was denied the effective assistance of counsel; and (4) his pleas of guilty were coerced and involuntary.

These allegations relate to irregularities allegedly occurring prior to the entry of the pleas of guilty. They are relevant only as they may have affected the entry of such pleas. For, irrespective of any merit in his allegations that he was in certain particulars preliminarily deprived of his rights, such would not afford him grounds for relief unless they operated to render his pleas of guilty involuntary.

Appellant was arrested on August 13, 1969. He was subsequently released on bond and approximately one month later entered pleas of guilty to all charges against him. He not only had the opportunity to seek the advice and counsel of his family during the time of his release on bond, but was represented by competent counsel at the time of the entry of the guilty pleas and was carefully questioned by the trial judge to determine whether the pleas were being entered freely and voluntarily. Appellant freely admitted his guilt and divulged to the court the efforts made by him to settle the loss caused by the forgeries.

The record amply sustains the conclusion of the lower court that appellant was competently represented by counsel and that the pleas of guilty were freely, voluntarily, and understandingly entered, unaffected by any coercive circumstance.

Judgment affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn. JJ., concur.