### 19326

Freddie GIBSON, Appellant, v. The STATE of South Carolina, Respondent

(185 S. E. (2d) 373)

*Arthur M. Flowers, Jr., Esq.,* of Georgetown, *for Appellant,* cites:

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *Randolph R. Mahan, Asst. Attys. Gen.* of Columbia, *for Respondent,* cite:

December 1, 1971.

Lewis, Justice.

On March 20, 1967, appellant, Freddie Gibson, represented by court appointed counsel, entered a plea of guilty, along with three codefendants, to housebreaking and safecracking. He received a sentence of fifteen years for the offense of safecracking, with five years suspended upon the service of ten; and also a concurrent sentence of two years for housebreaking. Thereafter, in June 1967, appellant filed a petition in *habeas corpus* seeking to have his plea of guilty and sentence set aside upon the ground that the plea was not voluntarily and understandingly entered. His petition was denied by the lower court and this appeal followed.

The sole question to be decided is whether the evidence sustains the findings of the lower court that the appellant freely, voluntarily and understandingly entered his plea to safecracking. Appellant does not here contend that his plea to housebreaking was involuntarily entered. He claims that his plea to safecracking should be set aside because he was arrested without a warrant, was not advised of his rights during interrogation, was denied a preliminary hearing, was denied a separate trial, and was denied counsel at critical times prior to his plea.

On the night of December 19, 1966, a school building in Georgtown County was entered and a safe removed. The safe was opened and abandoned in a creek, where it was later recovered by the officers. Appellant and his three codefendants were arrested on the following day, without a warrant. On December 21st, the day following their arrest, a warrant was obtained charging them with the offenses of housebreaking and safecracking. Appellant remained in jail until his case was called for trial on March 20, 1967. While in jail, he requested counsel and was told by the sheriff that the court would appoint an attorney for him.

A joint indictment was returned against appellant and his codefendants on March 20, 1967. Counsel was then ap-

pointed to represent appellant and a codefendant. A third defendant was represented by other appointed counsel; and the fourth had retained counsel. Counsel was appointed during the morning of March 20th and all defendants entered pleas of guilty to the charges during the afternoon of the same day.

It thus appears that, although appellant was arrested on December 20, 1966, was indigent, and earlier requested counsel, an attorney was not appointed to represent him until March 20, 1967, the day he entered his plea.

Appellant's claim that his plea was not voluntarily entered is based primarily upon the fact that he was not afforded counsel until the day his case was callled for trial. He contends that the failure to sooner appoint counsel deprived him of the opportunity to assert substantial legal rights necessary to the establishment of his innocence, so as to render the entry of a guilty plea his only alternative.

Under the general practice in this State at the time appellant was arrested, counsel was not appointed for indigent defendants in non-capital cases until after an indictment was returned. The case was then disposed of as the particular circumstances indicated. This practice has been changed in the light of recent decisions; and the fact that counsel should be made available for indigent defendants as soon as practicable after arrest is no longer debatable. This court has recently adopted rules pursuant to Section 17-281 *et seq.,* Supplement 1962 Code of Laws, to insure against late appointment of counsel. Rule 1, Vol. 15, Code of Laws, 1970 Supp. p. 49.

However, the mere late appointment of counsel is not *per se* prejudicial. *Cousar v. State,* 250 S. C. 47, 156 S. E. (2d) 331; *Chambers v. Maroney,* 399 U. S. 42, 90 S. Ct. 1975, 26 L. Ed. (2d) 419.

The applicable principles were thus stated in *Moore v. State,* 256 S. C. 48, 180 S. E. (2d) 540;

"These allegations relate to irregularities allegedly occurring prior to the entry of the pleas of guilty. They are rele-

vant only as they may have affected the entry of such pleas. For, irrespective of any merit in his allegations that he was in certain particulars preliminarily deprived of his rights, such would not afford him grounds for relief unless they operated to render his pleas of guilty involuntary."

We think that the record amply supports the factual findings of the lower court that the plea of appellant was voluntarily and understandingly entered.

Upon the entry of pleas by all defendants and in their presence, the sheriff, at the request of the court, stated the general facts surrounding the crime and that all participated in its commission. Counsel then made statements in behalf of their respective clients. Following two separate inquiries by the court as to whether they had anything to say about the matter, each defendant answered in the negative.

After his appointment, appellant's counsel had the benefit of conferences with the attorneys representing the other defendants and the results of their investigation. Prior to the entry of his plea, appellant was fully advised of his rights by his attorney. He was aware of the charges against him, the possible sentences and that his attorney would proceed to represent him in a trial, if he desired one. Counsel testified that, if appellant had indicted a desire to plead not guilty, the necessary continuance could have been obtained to prepare for trial. Appellant did not request a trial, but at all times indicated to his attorney an intention to plead guilty. At no time did appellant bring to the attention of his attorney any fact or circumstance which he now claims coercively influenced his decision to plead guilty.

Appellant entered a plea of guilty to both housebreaking and safecracking at the same time. He knew that he was pleading guilty to both offenses. His belated claim that he was at the same time coerced into the entry of a plea to safecracking, for which he is required to serve ten years, but not to housebreaking for which he received a concurrent sentence of only two years, is far from convincing.

Judgment affirmed.

Moss, C. J., and Bussey, Brailsford, and Littlejohn, JJ., concur.