19524

William E. MANN, Appellant, v. The STATE of South Carolina, Respondent.

(193 S. E. (2d) 271)

*Ernest A. Finney, Jr., Esq.,* of Sumter, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, and

526

*R. Kirk McLeod, Sol.,* of Sumter, *for Respondent,*

December 4, 1972.

Moss, Chief Justice:

On November 6, 1964, William E. Mann, the appellant herein, represented by court appointed counsel, entered a plea of guilty to the crime of murder and was thereafter

sentenced to life imprisonment by the Honorable John Grimball, Presiding Judge.

The appellant has filed several petitions for post-conviction relief, the latest being an amended application dated August 24, 1971, seeking his absolute release or, in the alternative, a new trial upon the grounds that (1) he was denied the effective assistance of counsel; (2) he was denied a preliminary hearing; (3) he was denied representation by counsel at the coroner's inquest; (4) his plea of guilty was coerced and involuntary; and (5) that he was never advised of his constitutional rights.

An evidentiary hearing was held before the Honorable Dan F. Laney, Jr., Resident Judge, on August 25, 1971, the appellant being represented by duly appointed counsel. Thereafter, on October 12, 1971, the trial judge denied the requested relief and this appeal followed.

The trial judge found as a fact that the appellant was competently represented and had the effective assistance of counsel and that his plea of guilty was freely, voluntarily and understandingly entered, unaffected by any coercive circumstances. No useful purpose would be served by reviewing the testimony in detail. It is sufficient to say that the evidence adduced at the post-conviction hearing abundantly supports the finding of fact made by the trial judge and such is binding upon us. *Vickery v. State,* 258 S. C. 33, 186 S. E. (2d) 827.

The appellant had the benefit prior to his plea of a full disclosure of the evidence that would be presented against him if he went to trial and the benefit of the considered advice of his family and of the competent attorneys appointed to represent him. It was the opinion of his attorneys that the best interest of the appellant would be served by the entering of a guilty plea. The plea of guilty by the appellant was accepted only after a lengthy inquiry by the trial judge to determine that he understood the nature of the charge against him and the consequences of his

plea. The record contains an affidavit of the appellant that he believed, based on the advice of counsel, that it was for his best interest that he enter a plea of guilty to murder with a recommendation to mercy. He further stated in his affidavit that he was entering such a plea of his own free will and accord, without any coercion or duress, and for the sole reason that he was in fact guilty of the crime of murder and believed that a plea of guilty would be in his best interest.

The other grounds upon which the appellant sought ■ relief related to irregularities allegedly occurring prior to the entry of the plea of guilty. They were relevant only as they may have affected the entry of the plea of guilty, irrespective of any merit in his allegations that he was in certain particulars preliminarily deprived of his rights. Such would not afford him grounds of relief unless they operated to render his plea of guilty involuntary. *Moore v. State*, 256 S. C. 48, 180 S. E. (2d) 540.

Having concluded that the record amply supports the factual findings of the lower court that the plea of the appellant was voluntarily and understandingly entered, the other questions raised have become moot and academic.

In *State v. Fuller*, 254 S. C. 260, 174 S. E. (2d) 774, we said:

"The general rule is that a plea of guilty, voluntarily and understandingly made, constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to the plea. An accused also waives the right to trial and the incidents thereof and the constitutional guarantees with respect to the conduct of criminal prosecutions. . . ."

The exceptions of the appellant are found to be without merit and the judgment of the lower court is,

Affirmed.

. Lewis, Bussey, Brailsford and Littlejohn, JJ., concur.