REED, Chief Judge.
This is a timely appeal by defendant from a sentence imposed upon him by the Circuit Court for St. Lucie County, Florida, on the 4th day of June 1971.
The defendant was charged by an information filed on 25 January 1962 in the aforesaid court with robbery. He pled guilty without the assistance of counsel and on 29 January 1962 was sentenced to twenty years imprisonment. Thereafter the defendant received a new trial by an application therefor under Rule 1 (now Rule 3.850 CrPR), 33 F.S.A. in accordance with Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. The defendant pled not guilty, was tried, and found guilty by a jury. He was sentenced to life imprisonment on 7 October 1964. Thereafter, by a habeas corpus proceeding in the U. S. District Court for the Southern District, the defendant was again awarded a new trial, this time on the basis of Escobedo v. Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. The defendant was again convicted by a jury and sentenced to life imprisonment on 16 August 1967. When a subsequent appeal and motion to vacate brought no relief from the State court system, a second habeas corpus proceeding was instituted in the U. S. District Court for the Southern District. The defendant attacked his conviction on several grounds one of which the District Court found to have merit. Its order on the petition for habeas corpus provided:
“ORDERED and ADJUDGED that William Baker’s petition for writ of ha-beas corpus be and the same is hereby denied as to the first three grounds herein presented, but this petition be and the same is hereby granted as to the final ground presented to the extent that petitioner Baker is entitled to be resentenced by the State Court in accord with this order, with credit being given for time already served, and the same is hereby ordered, which resentencing shall occur on or before June 7, 1971, in default of which Baker shall be discharged from custody.”
Pursuant to the federal court’s order, the defendant was resentenced by the state trial court on 4 June 1971 and sentenced to twenty years imprisonment with credit for all time previously served under the earlier sentences for the same offense. The present appeal is from the most recent sentence.
The defendant does not contend that the trial judge failed to resentence him in accordance with the federal district court’s order. What apparently concerns the defendant now is the method by which the sentence will be administered with respect to gain time and the provisions of Section 944.291, F.S.1971, F.S.A. Defendant’s brief states:
“The appellant show’s that by the trial court reimposing the original sentence is not an increased sentence, because on the original twenty years sentence imposed in Jan. 29, 1962, could be served in eleven (11) years and 45 days. But a new sentence of twenty years would call for 19? years which is an increase of 8 years and days over the original sentence imposed in 1962.
“The state is trying to bring this sentence under the mandatory release rule and release appellant on parole after he serve 11 years and 45 days which the original sentence call for without parole.”
At the time the defendant was initially sentenced, a prisoner could be released after he had served his term less gain time accrued under the provisions of Section 944.27, F.S.1961, F.S.A. Presently, by reason of F.S. Section 944.291, F.S.A., which was enacted in 1967, a convict may be re *426 leased after serving his term less gam time, but his release is not necessarily unconditional. He may he held on probation for the remaining time for which he was initially sentenced.
The defendant by this appeal evidently seeks to raise a question as to whether or not he will be released unconditionally or on parole. Since this question was not before the trial court, we have no basis on this record to pass on it. Also, we have no jurisdiction in this appeal over the state agencies which must pass on the question in the first instance — namely—the Division of Corrections and the Parole and Probation Commission. Any present attempt at judicial intervention in the administration of the sentence would be premature — particularly since the defendant is apparently not yet entitled to release with or without parole.
The judgment and sentence appealed are affirmed.
Affirmed.
CROSS and OWEN, JJ., concur.