ENGLAND, ARTHUR, J., Jr., Associate Judge.
In 1967, appellant was charged by information with two counts of kidnapping and two counts of robbery. As a result of plea bargaining, the state agreed not to prosecute the kidnapping charges in exchange for appellant’s guilty plea to the two counts of robbery. Sentences were duly imposed which will tentatively expire on June 7, 1978. Appellant is presently held in custody by the Department of Offender Rehabilitation, of which appellee is the statutory head.
By this appeal from the trial court’s denial of a writ of habeas corpus, appellant seeks to prevent the Department from applying to him, when he becomes eligible for release, the supervision restrictions of Section 944.291, Florida Statutes (1973). Appellant concedes he is not presently eligible for release from incarceration, and he makes no challenge to either his conviction or sentence.
Appellant argues here that the Department has advised him of its intention to apply Section 944.291 to him at the expiration of his jail term, and that, because this statute did not become effective until after his plea and adjudication of guilt such action will violate Florida’s constitutional ban on ex post facto laws.[1] In order to challenge the Department’s alleged proposed action, appellant further argues that the more traditional role of habeas corpus, to test an unlawful incarceration, has now been expanded and is available to encompass the form of declaratory relief which appellant here seeks.
We do not pass upon appellant’s major argument because we cannot accept his jurisdictional premise. An immediate release from incarceration is not essential to the availability of habeas corpus.[2] The writ is not available, however, to raise hypothetical questions, and there is no genuine issue here which requires a judicial determination at this time. Whether appellee will seek to apply Section 944.291 to appellant at the time of his release is, at present, completely conjectural.[3] We agree with the view of the Fourth District Court of Appeal, which in a comparable situation stated: “Any present attempt at judicial intervention in the administration of the sentence would be premature — particularly since the defendant is apparently not yet entitled to release with or without parole.” Baker v. State, 270 So.2d 424, 426 (4th DCA Fla.1972). If and when the Department attempts to apply Section 944.291 to the defendant, the writ will lie to decide that controversy.[4]
The order of the circuit court denying appellant’s petition for a writ of habeas corpus is affirmed.
McCORD, Acting C. J. and LEE, THOMAS E., Associate Judge, concur.

. Fla.Const. art. I, Section 10. Appellant’s concern is that the 1967 statute provides for supervised release at the expiration of his sentence, whereas under prior law he would be afforded an unconditional release.

. Frizzell v. State, 238 So.2d 67 (Fla.1970). In that case, habeas corpus was available to test a sentence which Frizzell alleged had been unlawfully imposed. Here the issue involves the future administration of an admittedly lawful sentence.

. The record before us nowhere corroborates appellant’s assertion that the Department has communicated to him an intention to apply Section 944.291 at the time of his release. We do not rely on this record deficiency, however, in holding that habeas corpus is not available to test the issue he seeks to have reviewed.

. See Carnley v. Cochran, 123 So.2d 249 (Fla.1960).