123 So.2d 249 (1960)
Willard CARNLEY, Pearl Carnley, Petitioners,
v.
H.G. COCHRAN, Jr., Director, Division of Corrections, Respondent.
Supreme Court of Florida.
September 23, 1960.
*250 Willard Carnley and Pearl Carnley, in pro. per., for petitioners.
Richard W. Ervin, Atty. Gen., and B. Clarke Nichols, for respondent.
TERRELL, Justice.
On petition of Willard Carnley and Pearl Carnley, writ of habeas corpus was on June 16, 1960, issued from this court as to each petitioner and return thereto was filed by respondent.
The return shows that respondent holds Willard Carnley and Pearl Carnley pursuant to a commitment from the Court of Record for Escambia County, Florida, dated September 19, 1958. Said commitments are predicated on judgments and sentences by the Court of Record of Escambia County entered September 19, 1958. The said judgments and sentences resulted from Willard Carnley and Pearl Carnley having been tried and convicted by a jury on an information charging Willard Carnley with the crime of incest and fondling and Pearl Carnley as being accessory before the fact to incest and accessory before the fact to fondling.
It is shown that petitioners waived a jury trial but the trial court refused to accept waiver of the jury which he had a right to do under the law of this state. Jones v. State, 1945, 155 Fla. 558, 20 So.2d 901. All the evidence at the trial was accordingly submitted to and passed on by the jury. Respondent denies that petitioners were totally unable to defend themselves. He denies that petitioners requested counsel to defend them. He denies that the trial court peremptorily ordered petitioners to sit down when they attempted to interrogate the witnesses against them.
Respondent affirmatively alleges that petitioners actively participated in the conduct of the trial with both interrogating the witnesses against them, both making opening statements to the jury and both making closing arguments to the jury. It is further shown that petitioners were carefully instructed by the trial court with regard to the rights guaranteed to them under the state and federal Constitutions and with respect to procedure governing the trial. A certified transcript of the testimony taken at the trial is attached to and made a part of the record in this proceeding. It proves each and every of the proceedings enumerated herein.
Petitioners contend that the crime of incest and the crime of fondling constitute a single offense. It will be observed, however, that in this case defendants were found guilty of all counts charged in the information, that they were sentenced to imprisonment in the state penitentiary for a term of six months to twenty years, and by the terms of said sentence given credit for the time they spent in the Escambia County jail since their initial arrest on November 5, 1957. The sentence imposed was within the maximum prescribed by law for the crimes with which petitioners were charged and found guilty. Inasmuch as § 801.02, Florida Statutes, F.S.A. provides that the crime of incest, fondling [lewd and lascivious behaviour] when said acts are committed with a person 14 years old or under, shall be included under the provisions of Chapter 801, Florida Statutes, F.S.A., certainly no harm accrued to petitioners. Buchanan v. State, Fla.App. 1959, 111 So.2d 51.
Section 801.03, Florida Statutes, F.S.A., provides that anyone convicted of an offense within the meaning of Chapter 801 may, in the discretion of the trial judge, be sentenced to a term not to exceed 25 years in the state prison. The trial court having adjudged petitioners guilty of all crimes charged in the information filed against them and having sentenced them to only one sentence within the legal maximum provided by law for each of such crimes would seem to have decided this issue in favor of petitioners.
The return to the writ of habeas corpus shows that respondent no longer has *251 custody of Pearl Carnley, inasmuch as she has been placed on parole and is accordingly subject to the supervision of the Florida Parole Commission, but it is shown that notwithstanding Pearl Carnley is now a parolee and as such is not physically confined in prison in the custody of respondent, she is so restrained of her liberty that she can maintain habeas corpus in an effort to secure her discharge from supervision of the Florida Parole Commission. Sellers v. Bridges, 1943, 153 Fla. 586, 15 So.2d 293, 148 A.L.R. 1240. For this reason the Florida Parole Commission joins in this return in so far as it pertains to the petitioner Pearl Carnley.
The law of this state does not require the court to appoint counsel to represent indigent defendants except in cases where they are charged with a capital offense. Section 909.21, Florida Statutes, F.S.A. If the record shows that defendant did not have counsel or fails to show whether he did or did not have counsel, it will be presumed that defendant waived the benefit of counsel and elected to present his own defense, as he has the right to do under Section 11, Declaration of Rights, Florida Constitution, F.S.A.
The purpose of the writ of habeas corpus is to bring petitioner before the court in order that the legality of his detention may be inquired into. The evidence and the record before us show conclusively that petitioners were illiterate but illiteracy does not always mean that the illiterate lacked intelligence about many of the commonplace things of life. I have known men who had to sign their name by cross mark but those same men could go to the bank and push that cross mark through the cashier's window and get all the money on it they asked for without any other endorsement. The banker knew they were intelligent men of good moral character, respected their obligation and would meet it. There is no showing here that petitioners suffered in the slightest from lack of intelligence. It is the general practice in this state when trying one charged with felony to inquire of him when he is arraigned if he has or desires counsel. If he answers in the negative and expressed a desire to have counsel, the court will generally appoint one to represent him.
An examination of the evidence and the record in this proceeding shows that the trial judge instructed the jury and the petitioners thoroughly with reference to their constitutional rights; the evidence was ample to establish the charges against them and there is not the least showing that they were prejudiced in any respect at the trial. To grant a new trial would amount to nothing more than thrashing over old straw.
The writ is discharged and petitioners are remanded.
THOMAS, C.J., and HOBSON, ROBERTS and DREW, JJ., concur.