19147

James Edward SWEET, Appellant, v. The STATE of South Carolina and William D. Leeke, Director, Department of Corrections, Respondents.

(178 S. E. (2d) 657)

*Frank B. Register, Jr., Esq.* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Emmet H. Clair, John P. Wilson, Asst. Attys. Gen.,* of Columbia, and *B. O. Thomason, Esq., Sol.,* of Greenville, *for Respondents,*

January 12, 1971.

LEWIS, Justice.

This is a *habeas corpus* proceeding in which appellant seeks post-conviction relief from a sentence for statutory rape. The sentence was imposed after the entry of a plea of guilty which appellant now contends was coerced by a fear of the death penalty. The lower court, after an evidentiary hearing, held that the plea was voluntarily and understandingly entered, from which this appeal comes. We affirm.

A preliminary issue involves the charge that the lower court erred in entering a final order without taking the testimony of appellant's mother.

A hearing was held on December 9, 1968. Upon inquiry by the court, appellant stated that he desired to have his

mother testify in his behalf, but that she was in the hospital and unable to appear at that time. The hearing was then continued for two or three days in order to permit appellant to obtain his mother's testimony. Her testimony was never offered or taken and the court, after a delay of approximately five months, issued a final order on May 20, 1970 denying the relief sought. Appellant contends that he was denied the right to call his mother, a material witness, to substantiate the charges that his plea was coerced.

Whether or not a continuance would be granted to permit appellant to present the testimony of his mother and the length of time to be allowed for such purpose were questions addressed to the sound discretion of the trial judge and his rulings will not be disturbed unless there is a clear showing of an abuse of such discretion.

There is nothing to indicate that the mother's testimony would be relevant or material to the issue of whether fear of the death penalty coerced appellant's plea. Irrespective however, ample opportunity was afforded appellant and his attorney to present the testimony and the record reveals no effort to do so. Under these circumstances, we find no abuse of discretion on the part of the lower court in deciding the issues without taking the testimony of appellant's mother.

Appellant entered a plea of guilty, on October 30, 1967, to statutory rape of a woman child over ten years of age. The punishment for the offense, under Section 16-80 of the 1962 Code of Laws is death unless the jury returns a special verdict recommending mercy, in which event the punishment would be reduced, under the present facts, to a term not exceeding fourteen years. Appellant's plea was accepted by the court, without a jury verdict, as then permitted by Section 17-553.4, Supplement to the 1962 Code of Laws, and a sentence of fourteen years was imposed.

Appellant, now confined under the above sentence, seeks to have his plea of guilty set aside upon the sole ground that

it was unconstitutionally coerced by a fear of the death penalty if he went to trial on the charge of rape.

Section 17-553.4, under which the plea was received, was declared unconstitutional in *State v. Harper,* 251 S. C. 379, 162 S. E. (2d) 712, following the decision of the United States Supreme Court in *United States v. Jackson,* 390 U. S. 570, 88 S. Ct. 1209, 20 L. Ed. (2d) 138, because of its tendency to coerce guilty pleas by fear of the death penalty.

The effect of Jackson and Harper upon pleas received under Section 17-553.4 was thus defined in *Breland v. State,* 253 S. C. 187, 169 S. E. (2d) 604:

"* * * the mere fact that appellant's plea was taken in accordance with the provisions of Section 17-553.4, subsequently declared unconstitutional, did not automatically under Jackson and Harper make the plea coercively entered as a matter of law. Rather the question remains in each case whether the plea was coerced or encouraged by the death penalty power in the jury in the event of a trial."

See also: *Brady v. United States,* 397 U. S. 742, 90 S. Ct. 1463, 25 L. Ed. (2d) 747; *Parker v. North Carolina,* 397 U. S. 790, 90 S. Ct. 1458, 25 L. Ed. (2d) 785; *North Carolina v. Alford,* 400 U. S. —, 91 S. Ct. 160, 27 L. Ed. (2d) 162, filed November 23, 1970.

The question then is whether, under all the facts and circumstances, appellant's guilty plea was voluntarily and understandingly entered.

The record contains the stenographically recorded inquiries made by the trial judge at the time the plea was received, together with the testimony of appellant's counsel as to their efforts in his behalf. It sustains the conclusion of the lower court that appellant's plea was voluntarily and understandingly entered without the impermissible coercive influence of the death penalty condemned in Jackson. Appellant had the benefit of a full disclosure of the evidence to be presented against him if he went to trial and the benefit of

the considered advice of competent attorneys. The plea was accepted only after a full inquiry by the trial judge to determine that appellant understood the nature of the charges against him, the nature of the offense to which he was pleading and the consequences of that plea, that he had the right to a jury trial with the aid of counsel, and that the burden rested upon the State to prove him guilty. After such inquiry and the admission of guilt by appellant, his plea was accepted. The present claims by appellant that his plea was coerced and entered through ignorance of his rights are overwhelmingly refuted by the record.

The judgment is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.