19371

Joel VICKERY, Respondent, v. The STATE of South Carolina, Appellant

(186 S. E. (2d) 827)

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *John P. Wilson, Asst. Attys. Gen.,* of Columbia, *for Appellant,*

34

*John Beasley, Esquire,* of Greenwood, *for Respondent,*

February 16, 1972.

BUSSEY, Justice:

On February 3, 1970, in the Court of General Sessions for Abbeville County, the respondent Vickery, while represented by two retained attorneys, entered a plea of guilty to the crime of murder and was thereafter sentenced to life imprisonment, a jury having recommended him to the mercy of the court. On the following June 29th, he filed an application for postconviction relief asserting various grounds therefor which have not been substantiated. Counsel was appointed to represent him and the matter was scheduled to be heard on September 4, 1970, but postponed on motion of respondent and not heard until January 6, 1971. At such hearing respondent was permitted to orally amend his application to allege the additional ground that his plea of guilty was involuntarily and unintelligently made. After full hearing, the court found as a fact that respondent had voluntarily and understandingly entered a plea of guilty, and stated that the court was satisfied that such fact "undoubtedly could have been easily confirmed by the application of the appropriate procedure" at the time of the entry of the plea.

The record made in the trial court at the time of the entry of the guilty plea does not contain an affirmative showing that such plea was intelligent and voluntary, in keeping with the procedure indicated in the decision of the United States

Supreme Court in *Boykin v. Alabama,* 395 U. S. 242, 89 S. Ct. 1709, 23 L. Ed. (2d) 274. Because of such, the lower court concluded that respondent was entitled to a new trial, despite the court's finding that his plea was, in fact, voluntarily and intelligently entered. The State appeals challenging such holding.

The evidence adduced upon the postconviction hearing abundantly supports the finding of fact by the lower court that undoubtedly respondent's plea of guilty was voluntarily and intelligently entered, and such finding is binding upon this Court. *Dixon v. State,* 253 S. C. 41, 168 S. E. (2d) 770. The trial court, of course, in keeping with Boykin, should have canvassed the matter with the accused to make sure that he had a full understanding of what his plea connoted and of its consequences, and then established a record affirmatively showing that such plea was intelligent and voluntary before accepting it. In the circumstances and present posture of this case, however, we conclude beyond any reasonable doubt that the failure to do so was harmless error and that the rights of the accused were not prejudiced thereby. *Harrington v. Cailfornia,* 395 U. S. 250, 89 S. Ct. 1726, 23 L. Ed. (2d) 284; *Chapman v. California,* 386 U. S. 18, 87 S. Ct. 824, 17 L. Ed. (2d) 705.

We do not read or construe Boykin to hold that the failure of the trial judge to canvas the matter and make a full record, affirmatively showing the voluntariness of a plea at the time thereof, requires a vacation of such plea in every instance or precludes the court in every instance from thereafter determining that such plea was, in fact, voluntary at the time of entry. It is true that in Boykin the court held such failure, under the facts and circumstances of that case, to be reversible error. That case, however, was a direct appeal in which no postconviction proceeding had ever been had and no evidence ever adduced as to whether or not the pleas were voluntarily, intelligently and understandingly made. Moreover, the case was decided in the United States

Supreme Court nearly three years after the entry of the pleas. In the instant case the postconviction proceeding was started within five months after the plea; concluded within one year, and would have been concluded much sooner but for a postponement granted the petitioner.

In *North Carolina v. Alford,* 400 U. S. 25, 91 S. Ct. 160, 27 L. Ed. (2d) 162, the court was concerned with the voluntariness of a plea entered on December 10, 1963. In a postconviction relief proceeding, in 1965, the State court found that the plea was "willingly, knowingly and understandingly" made. The accused was denied relief by the United States Supreme Court and we quote the following from a footnote to that opinion,

"At the state court hearing on postconviction relief, the testimony confirmed that Alford had been fully informed by his attorney as to his rights on a plea of not guilty and as to the consequences of a plea of guilty. Since the record in this case affirmatively indicates that Alford was aware of the consequences of his plea of guilty and of the rights waived by the plea, no issues of substance under *Boykin v. Alabama,* 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274 (1969), would be presented even if that case was held applicable to the events here in question."

Three justices dissented in Alford but none took issue with the quoted footnote. We regard such as a clear recognition by the United States Supreme Court that Boykin does not require a vacation of the respondent's plea under the circumstances of this case.

We conclude that the lower court erred and the judgment below is accordingly,

Reversed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.