STATE OF NEBRASKA, APPELLEE, V. NATHANIEL LAWRENCE HALL, APPELLANT.

195 N. W. 2d 201

Filed March 10, 1972. No. 38127.

David L. Herzog and J. Patrick Green, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is a post conviction proceeding in which the defendant, Nathaniel Lawrence Hall, seeks to challenge his conviction for first degree murder while in the commission of a robbery. On May 7, 1965, the defendant, represented by the public defender's office, entered his plea of guilty. He was adjudged guilty by a three-judge court and sentenced to life imprisonment on June 14, 1965.

An extensive evidentiary hearing was held in this proceeding and the defendant was represented throughout by court appointed counsel. The trial judge made extensive, thorough, and detailed findings of fact and conclusions of law following the evidentiary hearing.

The defendant's first contention was that at the time he was taken before the municipal court shortly after his arrest for the purpose of having bond set, he was not given notice and warnings as to his constitutional rights. At and subsequent to the preliminary hearing, the defendant was at all times represented by counsel. It is conceded that no Nebraska statute or rule requires a defendant be advised of his constitutional rights when bond is set. In the federal courts, Rule 5 of the Federal Rules of Criminal Procedure was not amended to require it at that stage until 1966. The occurrence here arose in 1964. There is no merit to this claim.

The defendant also asserts that a statement was taken from him by the police in the absence of his counsel and that he was substantially motivated to enter his guilty

plea because he had previously given a confession. He also asserts that his counsel was ineffective and incompetent because they did not test the validity and admissibility of his confession and advised him instead to plead guilty. The confession occurred shortly after Escobedo became effective and almost two years before Miranda. The defendant made no request for counsel, nor was he denied counsel and it is quite obvious that under the factual circumstances here Escobedo was not applicable. See, United States ex rel. Harvin v. Yeager, 428 F. 2d 1354 (1970); People v. Doverspike, 382 Mich. 1, 167 N. W. 2d 285 (1969).

The trial court here specifically found that the confession given by the defendant in this case was voluntarily given and in compliance with all necessary requirements existing at the time the confession was given. Even though the confession may or may not have been admissible, the standard was and remains whether the guilty plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. See North Carolina v. Alford, 400 U. S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162.

It is quite apparent that a guilty plea motivated by the existence of a coerced confession is not subject to collateral attack where the defendant had counsel unless the counsel was incompetent. McMann v. Richardson, 397 U. S. 759, 90 S. Ct. 1441, 25 L. Ed. 2d 763. As the Supreme Court stated in that case: "His later petition for collateral relief asserting that a coerced confession induced his plea is at most a claim that the admissibility of his confession was mistakenly assessed and that since he was erroneously advised, either under the then applicable law or under the law later announced, his plea was an unintelligent and voidable act. The Constitution, however, does not render pleas of guilty so vulnerable."

When counsel has advised a defendant to plead guilty, a defendant who has heeded such advice may not subse-

quently attack the voluntariness of the guilty plea so long as the counsel's advice was within the range of competence demanded of attorneys in criminal cases. See Brewer v. Peyton, 431 F. 2d 1371 (4th Cir., 1970).

It should also be pointed out here that the trial court specifically found that defendant's trial counsel were exceptionally skilled by virtue of their years of experience in the office of the public defender. In State v. Workman, 186 Neb. 467, 183 N. W. 2d 911, we quoted from McMann v. Richardson, *supra:* "Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts. * * * That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post conviction hearing."

The final issue with which we must deal involves problems arising from the disappearance of the record of what transpired at the time the defendant tendered his plea of guilty to the three-judge panel. At the outset of the post conviction proceedings, extensive efforts were made to obtain the transcript or bill of exceptions containing the actual proceedings before the three-judge court. Counsel and others were unable to find the record of the proceedings or to locate the court reporter who reported them. In the absence of the record, the evidentiary hearing considered the testimony of the defendant as to what occurred and in addition heard the testimony of the presiding judge of the panel which took and accepted the defendant's plea of guilty.

The presiding judge testified that he did not remember verbatim everything that was said on the occasion of taking the plea and sentencing, but he did have and still has a memorandum of the questions asked of the defendant and the sections of the Constitution which he points out and explains in every felony case. He also testified that he did ask those questions and make those

explanations to the defendant at that time. The trial court specifically found the defendant's testimony that he was not advised of anything essential was incredible and unbelievable.

This case, while unusual because of the lost record, does not fall within the proscription of Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274. Although the absence of any evidence as to what actually occurred would bring Boykin v. Alabama into play, that is not the case here. We think it wholly unrealistic to determine that the loss of the actual record of proceedings should require the vacation of a guilty plea even where the State has established by other evidence a reasonably accurate account of what took place. Such a record is not a "silent record" even though it speaks with less authority than the verbatim record of the proceedings required under section 1.7, American Bar Association Standards Relating to Pleas of Guilty, previously adopted by this court in State v. Turner, 186 Neb. 424, 183 N. W. 2d 763.

The conclusions of the trial court here are buttressed by the fact that because of the seriousness of the crime, a special three-judge panel was convened, and the acceptance of the plea of guilty was signed by each of those judges. The findings of fact and conclusions of law made by the trial judge in this post conviction proceeding extend over 21 pages of the transcript. Those findings were eminently correct and the judgment of the trial court is affirmed.

AFFIRMED.