## 19656

Robert M. LAMBERT, III, Appellant, v. STATE of South Carolina et al., Respondents

(198 S. E. (2d) 118)

*Cravens Ravenel, Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmett H. Clair and Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, *for Respondents,*

July 11, 1973.

LITTLEJOHN, Justice:

Appellant, represented at the time by a Public Defender, pled guilty in the Richland County Court on July 9, 1970, to one count of armed robbery and was sentenced to confinement for a period of sixteen (16) years. Subsequently, on December 3, 1971, appellant filed an application for post-conviction relief. He asked that the plea be withdrawn. Other counsel was appointed to represent him and, after an evidentiary hearing, the application was denied. This appeal followed.

Relief is sought by the appellant upon the grounds that his plea of guilty was involuntary as a result of a broken plea bargain and that the sentencing judge failed to inquire into the question of any plea bargaining prior to accepting the appellant's plea of guilty and imposing sentence.

The only factual dispute concerns the agreement made by the State in return for a plea of guilty. The State submits that it agreed to *recommend* a sentence of fifteen (15) years; the appellant contends he was *assured* a sentence of fifteen (15) years.

The fact that the sentencing judge did not inquire into the plea bargaining prior to accepting the plea of guilty will not of itself require an automatic vacation of the plea and sentence. Under *Vickery v. State,* 258 S. C. 33, 186 S. E. (2d) 827 (1972), the voluntariness of a guilty plea is not determined by an examination of the specific inquiry made by the sentencing judge alone, but is determined from both the record made at the time of the entry of the guilty plea and the record of the post-conviction hearing.

At the hearing on the application for post-conviction relief, the lower court found, and the testimony confirmed, that the appellant had been fully informed by

his attorney as to his rights on a plea of not guilty as to the consequences of a plea of guilty. Any requirement of *Boykin v. Alabama,* 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274 (1969), that an affirmative record be established showing the plea to be voluntary has been met by the extensive inquiry made at the post-conviction hearing. See *Vickery v. State, supra.* The evidence adduced upon post-conviction hearing abundantly supports the finding of fact by the lower court that appellant's plea of guilty was voluntarily and intelligently entered.

The appellant would also attack the voluntariness of the plea, upon the allegation that the State failed to keep a commitment concerning the sentence after a guilty plea. In the recent United States Supreme Court case, *Santobello v. New York,* 404 U. S. 257, 92 S. Ct. 495, 30 L. Ed. (2d) 427 (1971), that Court dealt with whether the state's failure to keep such a commitment required a new trial. In commenting on guilty pleas, the Court said:

"This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled."

The Court went on to say the relief to which a petitioner is entitled, if any, is left to the discretion of the state court, which is in a better position to decide whether the circumstances require that there be specific performance of the agreement on the plea or whether the circumstances require the petitioner the opportunity to withdraw his plea.

It is apparent from the record that the appellant was advised by counsel to take the "best deal" he could negotiate. He was informed by counsel that he had no defense and without some type of a bargain, he could be tried and

found guilty of three counts of armed robbery and one count of assault with intent to do bodily harm. It is equally apparent that appellant decided the best course of action was for him to obtain some kind of agreement for a plea of guilty.

The lower court, after an evidentiary hearing, found as a fact that the State lived up to its agreement and recommended fifteen (15) years to the court. This finding is amply supported by the evidence and is accordingly affirmed. *Tucker v. State,* 258 S. C. 572, 190 S. E. (2d) 23 (1972); *White v. State,* 255 S. C. 493, 179 S. E. (2d) 906 (1971); *Sweet v. State,* 255 S. C. 293, 178 S. E. (2d) 657 (1971). When the State fulfilled it agreement to recommend a fifteen (15) year sentence and drop all other pending charges, the voluntariness of the plea was not affected when the court did not accept the solicitor's recommendation. See *Bailey v. MacDougall,* 247 S. C. 1, 145 S. E. (2d) 425 (1965).

The appellant does not seek a reduction of the sentence to fifteen (15) years; he only seeks to withdraw his plea such that he could plead over and either stand trial or bargain anew for a guilty plea. Even if it should be found (which the lower court did not) that the State did not fulfill its promise, under the circumstances of this case the only relief even arguably available would be a remand for resentencing to a term of fifteen (15) years in lieu of the term of sixteen (16) years which the appellant received.

The record amply sustains the conclusion of the lower court that appellant was competently represented by counsel, that the plea of guilty was freely, voluntarily, and understandingly entered, and that the State fulfilled the plea bargaining agreement.

Affirmed.

Moss, C. J. and Lewis, Bussey and Brailsford, JJ., concur.