Joel VICKERY, Petitioner,

v.

**STATE OF SOUTH CAROLINA,**
Respondent.

Civ. A. No. 72-1024.

United States District Court,
D. South Carolina,
Columbia Division.

Nov. 20, 1973.

James B. Richardson, Jr., Columbia, S. C., for petitioner.

Daniel McLeod, Atty. Gen., Columbia, S. C., for respondent.

## ORDER

BLATT, District Judge.

This matter is before the court on a petition for habeas corpus filed on August 16, 1972, in which the petitioner, a state prisoner, through his diligent and extremely able court-appointed counsel, raises a substantial legal question regarding a plea of guilty to a murder charge tendered by him on February 3, 1970. Petitioner contends that it was error for the trial judge to accept his guilty plea without making a recorded determination of the petitioner's awareness of the consequences of such a plea and the resultant waiver of the basic constitutional rights to trial by jury, confrontation of one's accusers, and the

privilege against compulsory self-incrimination.[1] Petitioner raised the identical question in a state post-conviction relief proceeding and by Order dated January 19, 1971, following a full evidentiary hearing, the Honorable Francis B. Nicholson found as a fact that petitioner had voluntarily, knowingly, and intelligently entered his plea of guilty, but granted petitioner's writ for habeas corpus relief on the ground that since the record indicated that the state trial judge, who originally accepted the guilty plea, had failed to canvass the petitioner or his attorney regarding petitioner's cognizance of the consequences of the plea, and petitioner's awareness of the relinquishment of the aforementioned constitutional rights by so pleading,[2] thus, that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), mandated such relief.[3] The

1. These federal constitutional rights were held applicable to the states via the due process clause of the Fourteenth Amendment in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), and Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), respectively.

2. The colloquy between the court and the parties consisted of the following:

Solicitor: It is my understanding from counsel for the defendant that they desire at this time to withdraw that plea (of not guilty) and enter a different plea.

Mr. Cahaly: Yes, Sir.

Mr. Greene: Yes, Sir.

The Court: State that for the record please.

Mr. Greene: May it please the court, after mature deliberations in this matter, we, as Mr. Vickery's attorneys, and Mr. Vickery with his consent, we have decided that we should enter a plea of guilty with recommendation of mercy.

The Court: Will the State accept that plea?

Solicitor: Yes, it will, Your Honor.

The Court: The victim's family accepts it all right?

Solicitor: Yes, of course, I have conferred with them. (Tr. ff. 11–14).

The court then instructed the jury and the jury thereafter returned a verdict of guilty with recommendation to the mercy of the court, such verdict requiring a life sentence for the defendant.

Clerk of Court: Mr. Foreman, have you agreed on a verdict?

Foreman: Yes, sir.

(The Clerk of Court received the indictment from the Foreman.)

Clerk of Court: May it please the Court, this is case number 1, The State v. Joel Vickery and Sara Louise Holland, indictment for murder. Verdict: Guilty with recommendation to the mercy of the Court. Signed, James A. Hodge, Jr., Foreman.

The Court: Come around.

(Mr. Greene, Mr. Cahaly and Defendant Vickery came forward and stood before the Bench.)

The Court: Do you all have anything to say before I pass sentence?

(Mr. Cahaly conferred with Defendant Vickery)

Defendant: No, sir.

The Court: Sentence of the Court is that you, Joel Vickery, be confined on the Public Works of Abbeville County, or the State Penitentiary, during your natural life. (Tr. ff. 19–21).

3. Judge Nicholson is not alone in his opinion that Boykin mandates automatic vacation of the plea of guilty where the contemporaneous record does not disclose the requisite awareness of the specific constitutional rights relinquished by such a plea. See: Green v. Wingo, 454 F.2d 52 (6 Cir. 1972); United States ex rel. Wiggins v. Pennsylvania, 430 F.2d 650 (3 Cir. 1970); Oaks v. Wainwright, 313 F.Supp. 828 (M.D.Fla. 1970) (decided on basis of pre-Boykin law); Ernst v. State, 43 Wis.2d 661, 170 N.W.2d 713 (1969); Commonwealth v. Godfrey, 434 Pa. 532, 254 A.2d 923 (1969); North Dakota v. Decker, 181 N.W.2d 746 (N.D.1970); Brown v. Warden, 494 P.2d 959 (Nev.1972). Contra: Walker v. Caldwell, (5 Cir.) 476 F.2d 213, 215(N.1); Nobles v. Beto, 439 F.2d 1001 (5 Cir. 1971); Dennis v. Henderson, 435 F.2d 1288 (5 Cir. 1970); Brodkowicz v. Swenson, 357 F.Supp. 178 (W.D.Mo. 1973); Walker v. Caldwell, 335 F.Supp. 308 (M.D.Ga.1971); Meller v. Swenson, 309 F.Supp. 519 (W.D.Mo.1969); Davis v. Swenson, 308 F.Supp. 635 (W.D.Mo.1970); Mountjoy v. Swenson, 306 F.Supp. 379 (W.D. Mo.1969) (pre-Boykin guilty plea); State v. Darling, 109 Ariz. 148, 506 P.2d 1042 (1973); State v. Hall, 188 Neb. 130, 195 N.W.2d 201 (1972); State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972); Morgan v. State, 287 A.2d 592 (Me.1972); Vickery v. State, 258 S.C. 33, 186 S.E.2d 827 (S.C.1972).

South Carolina Supreme Court reversed Judge Nicholson, holding that *Boykin* did not require automatic vitiation of a guilty plea when the transcript of the guilty plea proceeding itself was barren of any dialogue between the court and the defendant it if could be thereafter affirmatively shown by a record developed through reconstruction of the curcumstances under which the defendant pled guilty that said plea was voluntarily, knowingly and intelligently tendered. Vickery v. State, 258 S.C. 33, 186 S.E.2d 827 (S.C.1972).

The United States Supreme Court in *Boykin* was presented a petition for writ of certiorari on appeal from the Alabama Supreme Court's affirmance of defendant's plea of guilty to five counts of common law robbery. After a jury trial to determine punishment,[4] Boykin was sentenced to death. The Supreme Court reversed on the ground that the record before it did not disclose that Boykin voluntarily and understandingly entered his guilty plea, holding:

"In Carnley v. Cochran, 369 U.S. 506, 516 [82 S.Ct. 884, 890, 8 L.Ed.2d 70, 77], we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: 'Presuming waiver from a silent record is impermissible. The record must show, *or there must be an allegation and evidence which show,* that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiv-

er.' We think that *the same standard* must be applied to determining whether a guilty plea is voluntarily made." 395 U.S. at 242, 89 S.Ct. at 1712. (emphasis ours).

The Supreme Court then observed: "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. * * * Second, is the right to trial by jury. * * * Third, is the right to confront one's accusers. * * * We cannot presume a waiver of these three important federal rights from a silent record. 395 U.S. at 243, 89 S.Ct. at 1712.

The ruling in *Boykin* closely followed in time the court's decision in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), holding that federal district courts must admonish defendants with regard to waiving their specific constitutional rights to jury trial, confrontation of witnesses, and privilege against self-incrimination, and otherwise strictly comply with Rule 11 of the Federal Rules of Criminal Procedure, at the time a guilty plea is tendered, or the plea, if attacked collaterally, will be automatically vacated. In Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) the Court declined to apply *McCarthy* retroactively,[5] and thus open to vitiation

---

4. The Alabama Code of Laws required a jury to determine the sentence in guilty plea cases. Alabama Code tit. 15 § 277 (1958). Pursuant to state statute, Boykin's conviction was automatically appealed to the Alabama Supreme Court where the majority rejected his claim that imposition of the death penalty for common law robbery constituted cruel and unusual punishment. Four justices, however, one concurring specially and three dissenting, noted that the record of the guilty plea proceeding "does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty." Boykin v. State, 281 Ala. 659, 207 So.2d 412, 414 (1968).

5. In Boyd v. Dutton, 405 U.S. 1, 92 S.Ct. 759, 30 L.Ed.2d 755 (1972), the Supreme Court vacated a lower court decision which had upheld the validity of a state guilty plea entered in 1964 remanding the case for an evidentiary hearing to determine whether the petitioner had knowingly and voluntarily waived his right to counsel and whether he had understood the consequences of pleading guilty in view of the fact that he was not represented by counsel. The Court concluded that the Georgia post-conviction relief evidentiary hearing insufficiently illuminated these serious waiver issues but did not cite *Boykin* nor allude to it in reaching its decision. Thus, it seems clear to this court that

all federal guilty pleas accepted without strict compliance with Rule 11, observing that constitutionally valid guilty pleas—that is, guilty pleas which were voluntarily and knowingly entered—could be obtained without strict adherence to the rigidities of Rule 11, and when the colloquy between the court and the defendant did not religiously conform to the requisites of Rule 11, the plea would not be vacated, but the petition would be remanded for an evidentiary reconstruction hearing to develop factually whether the plea was voluntarily and understandingly entered. Thus, in federal courts when a previously entered plea of guilty to a federal charge has been assailed as completely lacking in Rule 11 preciseness, the remedy has been in post-*McCarthy* cases to automatically invalidate the plea and in pre-*McCarthy* cases to remand for a reconstruction hearing. The precise question framed by this petition is whether a state prisoner, attacking his post-*Boykin* guilty plea as having been accepted without conformance to *Boykin*, is entitled to habeas relief based on *McCarthy*, or whether a pre-*McCarthy* type reconstruction hearing is still available to the state.

 Petitioner additionally attacks the state court post-conviction evidentiary finding that his guilty plea was *knowingly* entered, but he concedes the adequacy of that court's finding that his plea was *voluntarily* made.[6] Both petitioner and the State admit that the state court post-conviction evidentiary hearing

was adequate and both acknowledge "that all evidence that can be marshalled is contained in the record", (Bailey v. MacDougall, 392 F.2d 155, 160 (4 Cir. 1968)) of the state post-conviction hearing.[6a] This court has diligently reviewed the transcript of the post-conviction hearing and is independently satisfied from that record that petitioner's plea was knowingly entered as he was abundantly apprised of the consequences of his plea and the forfeiture of his constitutional rights, and he was in no manner coerced or unconscionably persuaded by unrequited promises to plead guilty. In the main, petitioner complains that there is insufficient evidence that he was specifically informed at any stage of the proceeding that by pleading guilty he relinquished the particular constitutional right to confront his accusers. However, as pointed out by the Court of Appeals for the Fourth Circuit, a "catechism of the constitutional rights that are waived by entry of a guilty plea is not compelled either by the Constitution or by Rule 11." Wade v. Coiner, 468 F.2d 1059, 1060 (4 Cir. 1972). See also, United States v. Ready, 460 F.2d 1238, 1239 (4 Cir. 1972). In People v. Tennyson, 9 Ill.App.3d 329, 292 N.E.2d 223 (1972), the petitioner there asserted that his previously entered guilty plea was invalid because the trial court failed to admonish him of the nature of the charge against him and of his right to confront witnesses. The court rejected this contention holding that the record disclosed adequate evidence that the de-

*Boykin* is prospective in effect only and, therefore, the Supreme Court's treatment of the issue presented in *Boyd*—(where the plea was entered five years prior to the *Boykin* decision)—is not controlling on the question raised here, as Vickery entered his guilty plea after the effective date of *Boykin*. Many decisions, both state and federal, support the view that *Boykin*, like *McCarthy*, is not to be applied retroactively. *See e. g.*, United States ex rel. Wiggins v. Pa., 430 F. 2d 650 (3 Cir. 1970); Brodkowicz v. Swenson, 357 F.Supp. 178 (W.D.Mo.1973); Mountjoy v. Swenson, 306 F.Supp. 379 (W. D.Mo.1969); Commonwealth v. Godfrey, 254

A.2d 923 (1969); Bishop v. Langlois, 106 R.I. 56, 256 A.2d 20 (1969); and Cote v. State, 286 A.2d 868 (Me.1970).

6. In his brief, the petitioner concedes that the finding of the state court that petitioner's plea was "voluntarily" entered is supported by substantial evidence. See brief for petitioner, p. 2.

6a. No independent federal evidentiary hearing is required where both sides agree that the state court record is sufficient for resolution of the issues posed in a habeas corpus petition. United States ex rel. Dennis v. Rundle, 301 F.Supp. 1291 (E.D.Pa.1969).

fendant was aware of the forfeiture of his constitutional rights by pleading guilty and suggested that the specific right about which the defendant disclaimed knowledge of relinquishment was included in the right to trial by jury which must be had before one is able to confront one's accusers. Thus, there is no constitutionally based requirement that a state judge utter a warning regarding the specific waiver of the right to confront witnesses. In the instant case, the state court's finding that petitioner's plea was voluntarily and knowingly entered is more than adequately supported by the evidence and is bottomed on reliably found relevant facts, and this court adopts these findings of fact and concludes that the petitioner's guilty plea was voluntarily and knowingly made. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Wright v. North Carolina, 483 F.2d 405, 408 (4 Cir. 1973).

■ There remains the serious question of the type relief which should be granted by federal courts on habeas corpus attack of a state guilty plea proceeding which on the face of the guilty plea record does not conform to the spirit and letter of *Boykin*. There is sharply divided opinion in both the state and federal courts as to the remedy to be applied,[7] but this court, for the reasons hereinafter expressed, is convinced that the better approach requires scrutiny of the records of both the original plea proceeding and the state post-conviction reconstruction hearing to determine if the requirement of knowing waiver [8] of constitutional rights is present.

The petitioner here advances the theory that *Boykin* requires that the validity of a guilty plea is to be determined solely and exclusively upon the record developed at the plea proceeding.[9] The United States Supreme Court has construed *Boykin* as follows:

"The requirement that a plea of guilty must be intelligent and voluntary to be valid has long been recognized . . . The new element added in *Boykin* was the requirement that the *record* must *affirmatively* disclose that a defendant who pleaded guilty entered his plea *understandingly* and *voluntarily*." (Brady v. United States, 397 U.S. 742, 747 (n. 4), 90 S. Ct. 1463, 1468, 25 L.Ed.2d 747 (1970) (emphasis theirs)).

The courts have varied in their construction of "record"—some restricting it solely to the record of the guilty plea proceeding and others holding *Boykin* "satisfied by the evidence in the record, *extrinsic* to the record of petitioner's plea and sentencing, showing that petitioner voluntarily, knowingly, and understandingly entered his plea of guilty . . . ." Brodkowicz v. Swenson, 357

---

7. Compare Brown v. Warden, 494 P.2d 959 (Nev.1972) and Oaks v. Wainwright, 313 F. Supp. 828 (M.D., Fla.1970)—(requiring automatic vacation of a *Boykin* defective plea) —with Morgan v. State, 287 A.2d 592 (Me. 1972) and Walker v. Caldwell, 335 F.Supp. 308 (M.D.Ga.1971) rev. on other grounds, 476 F.2d 213 (5 Cir. 1973)—(allowing supplementation of guilty plea proceeding record by reconstruction hearing record).

8. While it is not clear whether the petitioner also contends that the record developed must be comprised solely and exclusively of the colloquy between the judge and the defendant, such position, if in fact asserted, is patently without merit. In Wade v. Coiner, 468 F.2d 1059, 1061 (4 Cir. 1972), the court held that it was not necessary for the judge to address the defendant, but that the Clerk of Court, defendant's attorney, or even the Solicitor was constitutionally competent to counsel a defendant regarding the waiver of his constitutional rights.

9. "Record" was connoted as including matters extrinsic to the plea proceeding by all courts applying the pre-*McCarthy* remedy to defective guilty pleas. (See note 3, supra). In one notable case, the trial judge and the court reporter died prior to the resolution of a defendant's attack upon the validity of his guilty plea and in the absence of any record, the court allowed a reconstruction hearing rather than automatically vacating the plea. Davis v. Swenson, 308 F.Supp. 635 (W.D. Mo.1970). *In accord*, State v. Hall, 188 Neb. 130, 195 N.W.2d 201 (1972—Court reporter's notes misplaced).

F.Supp. 178, 189 (W.D.Mo.1973).[10] The "extrinsic" record theory is buttressed, in the opinion of some courts,[11] by dicta contained in a footnote in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970):

> "At the state court hearing on *post-conviction relief*, the *testimony* confirmed that Alford had been fully informed by his attorney as to his rights on a plea of not guilty and *as to the consequences of a plea of guilty. Since the record in this case affirmatively indicates that Alford was aware of the consequences of his plea of guilty,* and of the rights waived by the plea, no issues of substance under Boykin v. Alabama, 395 U.S. 238, [89 S.Ct. 1709, 23 L.Ed.2d 274] (1969), would be presented even if that case was held applicable to the events here in question." 400 U.S. at 29 (n. 3), 91 S.Ct. at 163 (emphasis added)

Although not involved in the central issue raised in *Alford,* the above quotation was used as authority by the South Carolina Supreme Court in reversing the circuit judge in Vickery v. State, supra, and in holding that a guilty plea facially defective—in a *Boykin* sense—can be salvaged by resort both to a record of the colloquy between the trial judge and the defendant when the plea is taken and evidence adduced at a reconstruction hearing, which reveals whether the defendant knowingly and voluntarily entered his plea. This court feels that the Court of Appeals for the Fourth Circuit inferentially reached the same result in Banks v. State, mem. decis. (July 16, 1973) where the court held that:

> "The transcript of the plea inquiry does not contain the factual basis for the plea; however, at the hearing, (state post-conviction relief hearing),

Banks' attorney stated that both he and the solicitor explained the factual situation to the judge but that this argument was not transcribed. While it would be a better practice for the court to have ordered the entire proceedings transcribed, we feel we can infer from the record that the trial judge was apprised of the facts. Thus, the record affirmatively indicates that Banks' plea was knowingly made."

While not on all fours with the factual setting in the instant case—the record here is absolutely mute as to any discussion between the judge and the defendant—*Banks* does intimate to this court that the Fourth Circuit will, when the question is presented to it, place itself with those courts which recognize the salutary effect of examining an "extrinsic record".

Some courts have suggested that the Supreme Court in *Boykin* was not structuring a per se invalidation rule but was merely addressing itself in the only fashion available to a situation created by the procedural peculiarities of Alabama law. The *Boykin* situation can be restated as follows: The trial judge accepted a guilty plea with no "on-the-record" inquiry directed to determining the defendant's cognizance of the consequences of a plea of guilty to a charge which could, and did, result in the imposition of the death penalty. The Alabama statute required a *direct appeal* as the state mechanism for examination of the validity of a conviction based on a guilty plea in a capital case. The Alabama Supreme Court affirmed, with no record supplemental to the aforementioned barren trial record available for scrutiny, but three justices dissented, under their obligation to comb the record for prejudicial error, citing a constitutionally inadequate record.[12]

---

10. See, *e. g.,* Morgan v. State, 287 A.2d 592, 601 (Me.1972); Vickery v. State, 258 S.C. 33, 186 S.E.2d 827 (1972) and State v. Darling, 109 Ariz. 148, 506 P.2d 1042 (1973).

11. See, *e. g.,* Morgan v. State, supra, 287 A. 2d at 599, and Commonwealth v. Godfrey,

434 Pa. 532, 254 A.2d 923, 927 (1969)— (concurring opinion)

12. A fourth justice concurred with the majority for the curious reason that the silent record should be sustained because he

The case then moved up to the United States Supreme Court on writ of certiorari where the principal issue raised was that the imposition of the death penalty for common law robbery constituted cruel and unusual punishment. The United States Supreme Court avoided that volatile issue and turned to the guilty plea itself, which was devoid of any record as to voluntariness, and that Court reversed the conviction by invalidating the plea. In vacating this guilty plea, the Supreme Court referred to, and incorporated, the waiver of constitutional rights test, as enunciated in Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, previously cited. *Carnley* was a case in which a criminal defendant, charged with incest and assault in a lewd, lascivious, and indecent manner upon a female child under 14 years old, did not have counsel appointed to represent him at trial. The Florida Supreme Court dismissed the habeas petition without a hearing, holding that a record devoid of reference to appointment of counsel for the defendant gave rise to a presumption "that defendant waived the benefit of counsel . . ." Carnley v. Cochran, 123 So.2d 249 at 251. The United States Supreme Court reversed, citing Rice v. Olson, 324 U.S. 786, 65 S. Ct. 989, 89 L.Ed. 1367—(where the Court remanded for an evidentiary hearing the question of whether a defendant, who, without counsel, pled guilty had knowingly and intelligently waived his constitutional rights)—but distinguished the same by observing that "in the present case *(Carnley)*, however, there was no guilty plea, and the return to the writ (of habeas corpus) does not allege an affirmative waiver. Therefore, there is no disputed fact question requiring a hearing." 369 U.S. at 516, 82 S.Ct. at 890. Melding *Rice* and *Carnley* to formulate a waiver rule, the Court held that "no such burden—(the burden of establishing that the waiver of the right to counsel was not sufficiently understanding and voluntary)—can be im-

posed upon an accused unless the record —or a hearing, where required—reveals his affirmative acquiescence." *Id*. The United States Supreme Court in *Boykin* adopted the *Rice-Carnley* standard, holding: "We think that the same standard—(referring to the *Rice-Carnley* test)—must be applied to determining whether a guilty plea is voluntarily made." 395 U.S. at 242, 89 S.Ct. at 1712. Chief Judge Bootle in Walker v. Caldwell, 335 F.Supp. 308 (D.C.1971), rev. on other grounds, 476 F.2d 213 (5 Cir. 1973), applied the *Rice-Carnley* test to a *Boykin*-defective guilty plea in a manner this court finds impelling:

"Clearly, *Carnley* did not require that the waiver of counsel must appear on the trial court record, but rather recognized that a later habeas corpus hearing could make a record from which it could be conclusively established that a waiver was, in fact, voluntary and understanding. In Rice v. Olson, cited in *Carnley*, the record was silent as to whether the defendant had requested that counsel be appointed to assist him in making a plea of guilty; however, this silence did not, in and of itself, require reversal. Rather the Court held that the plea of guilty raised a fact issue as to whether the accused did intelligently and understandingly waive his constitutional right to counsel. Therefore, a hearing was required to resolve this issue. *In Carnley*, the Court specifically recognized that under the proper circumstances a hearing would be proper where the record was silent. In that case, however, the Court held that since there was no allegation of an affirmative waiver and no guilty plea, there was no disputed fact question requiring a hearing. 'The record must show, *or there must be an allegation and evidence which show*, that an accused was offered counsel but intelligently and understandingly rejected the offer.' *Carnley*, 369 U.S. at 516, 82 S.Ct. at 8 L.Ed.2d at 77. (Em-

refused "for aught appearing, to presume that the trial judge failed to do his duty."

Boykin v. Alabama, 395 U.S. 240, 241, 89 S. Ct. 1711.

phasis added). Had there been an affirmative allegation that the defendant had waived the right to counsel there would be a factual question requiring a hearing. Thus, in stating that 'presuming waiver from a silent record is impermissible', the *Carnley* Court did not rule that whenever a trial court record is silent, the plea could not stand." 335 F.Supp. at 312, 313. (emphasis theirs)

By specifically embracing the *Rice-Carnley* test as the standard to be applied in *Boykin* guilty plea situations, the Court did not delineate, nor did it intimate, any limitation on the

". . . . procedures used in *Carnley* for establishing a record adequate to make the required determination. Therefore, it can only be concluded that in situations where the question of the voluntariness of a guilty plea is raised in a habeas corpus action the court is authorized and should either hold an evidentiary hearing to establish a record whereby it can be determined that a plea of guilty was freely and voluntarily entered or else rely in a record established in a state habeas corpus hearing, which record is adequate under the provisions of 28 U.S.C.A. § 2254." 335 F.Supp., at 313.

In the instant case, a factual issue with regard to the propriety of accepting the plea of guilty was created by the petition and the State's return; this factual question was resolved to this court's satisfaction by an evidentiary hearing conducted by Judge Nicholson, in which the facts preparatory to petitioner's entering a guilty plea were reconstructed to an end that both Judge Nicholson and the South Carolina Supreme Court concluded that the guilty plea was voluntarily and understandingly entered, the defendant having been fully apprised and cognizant of the constitutional rights waived by such action on his part.

■ Against the heretofore reviewed considerations of the Supreme Court's reference to an extrinsic record in validating a guilty plea *(Alford)*, the peculiarities of the Alabama criminal process which gave birth to the extraordinary remedy employed by the Supreme Court in *Boykin*, and the *Boykin* court's embracing of the *Rice-Carnley* test which appears to authorize evidentiary hearings to fill the void of a silent record, the petitioner advances the argument that *Boykin* effectively and necessarily grafted the requirements of Rule 11 of the Federal Rules of Criminal Procedure onto the constitutional requirement that a plea be voluntarily and knowingly entered so that a *state* trial judge must specifically categorize to a defendant the constitutional rights recognized in *Boykin*, and which are abandoned when pleading guilty, or the plea must be set aside. This argument is necessarily premised on the United States Supreme Court's conclusion that "prejudice inheres in a failure to comply with Rule 11, for noncompliance deprives the defendant of the Rule's procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of his plea." McCarthy v. U. S., 394 U.S. 471, 472, 89 S.Ct. 1173 (1969). However, the Court of Appeals for the Fourth Circuit has held that "(a)s a matter of expediency and circumspection, state judges may choose to engage in the colloquy mandated for their federal colleagues by Rule 11, but there is nothing in *Boykin* that requires them to do so." Wade v. Coiner, supra, 468 F.2d at 1060. The petitioner's contention that *Boykin* mandates a catechism of rights waived confuses "desirability with indispensability." Morgan v. State, supra, 287 A.2d at 598. Cf. People v. Taylor, 383 Mich. 338, 175 N.W.2d 715 (1970). Petitioner's attempt to constitutionally impose on the *state* courts the identical guilty plea procedure required of the *federal* courts is not, in this court's opinion, justified by the cited authorities. Such conclusion appears reasonable to this court from the Halliday v. United States distinction in the remedies available in pre-*McCarthy* and post-*McCarthy* federal guilty pleas—a pre-*Mc-*

*Carthy* federal guilty plea *can* be constitutionally sound without an adequate original record, but an evidentiary hearing is required to substantiate the government's allegation that such plea was voluntarily and understandingly entered. Thus, this court concurs with the Maine Supreme Court's decision when it was faced with the identical issue:

> "Automatic per se invalidation of a guilty plea for a failure to compliance with the methodology of Rule 11 is avoided by the requirement that the review of the validity of a guilty plea, as having been voluntarily and understandingly made, must be undertaken as an incident of post-conviction proceedings in which a supplemental record may be made by introduction of additional evidence unrestricted as to source,—provided that it is admissible under evidentiary principles." Morgan v. State, supra, 287 A.2d, at 598.

Based on the foregoing, the petition herein is dismissed.

And it is so ordered.